JUDGE COTE

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEARSON EDUCATION, INC., ELSEVIER, INC., MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC, and CENGAGE LEARNING, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>DOE 1 D/B/A ATMI7654; DOE 2 D/B/A BOOKEXPERTS; DOE 3 D/B/A BRTM; DOE 4 D/B/A CAMRIC BOOKS; DOE 5 D/B/A CLARENCE WOOD; DOE 6 D/B/A DBHC BOOKS; DOE 7 D/B/A HEAVYHOUSE-BOOKS; DOE 8 D/B/A HUGE CRIT; DOE 9 D/B/A MATTHEW'S BOOK STORE; DOE 10 D/B/A MEVOUS ENTERTAINMENT; DOE 11 D/B/A NIDIIZ; DOE 12 D/B/A READMORE777; DOE 13 D/B/A ROADRUNNER MUSIC AND BOOKS BEEP-BEEP, ZIP, BANG!; DOE 14 D/B/A STAY SMART; DOE 15 D/B/A THELOGANS; and DOE 16 D/B/A UNITED TWINSTAR and AFARAWAYGALAXY,<br><br>Defendants. | Civil Action No. 18 CV 402<br><br>[PROPOSED] 1) TEMPORARY RESTRAINING ORDER; 2) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 3) EXPEDITED DISCOVERY ORDER; AND 4) ALTERNATE SERVICE ORDER<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 1-17-2018 |

## EX PARTE ORDER

Plaintiffs Pearson Education, Inc., Elsevier, Inc., McGraw-Hill Global Education Holdings, LLC, and Cengage Learning, Inc. (hereinafter, collectively the "Plaintiffs," and each a "Plaintiff") have moved *ex parte* against Defendants Doe 1 d/b/a Atmi7654; Doe 2 d/b/a BookExperts; Doe 3 d/b/a BRTM; Doe 4 d/b/a Camric Books; Doe 5 d/b/a Clarence Wood; Doe 6 d/b/a DBHC Books; Doe 7 d/b/a HEAVYHOUSE-BOOKS; Doe 8 d/b/a Huge Crit; Doe 9 d/b/a Matthew's Book Store; Doe 10 d/b/a MeVous Entertainment; Doe 11 d/b/a Nidiiz; Doe 12 d/b/a Readmore777; Doe 13 d/b/a RoadRunner Music and Books Beep-Beep, Zip, Bang!; Doe

14 d/b/a STAY SMART; Doe 15 d/b/a TheLogans; Doe 16 d/b/a United TwinStar and afarawaygalaxy (hereinafter, collectively the "Defendants," and each a "Defendant"), for a temporary restraining order; order to show cause for preliminary injunction; order authorizing expedited discovery; and order authorizing alternate service by electronic mail, pursuant to, *inter alia*, Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), and N.Y. C.P.L.R. §§ 6201 (the "Application"). Plaintiffs move the Court on the basis that Defendants are distributing, offering for sale, and/or selling counterfeit copies of Plaintiffs' copyrighted textbooks, bearing Plaintiffs' federally registered trademarks, as set forth in Plaintiffs' Complaint.

The Court, having reviewed the Complaint, Memorandum of Law, supporting Declarations, and all other papers submitted therewith, makes the following findings of fact and conclusions of law:

## FACTUAL FINDINGS AND CONCLUSIONS OF LAW

A.  Plaintiffs are likely to succeed in showing that Defendants have infringed and are continuing to infringe Plaintiffs' federally registered copyrights and trademarks in connection with Defendants' distribution, offering for sale, and/or sale of counterfeit copies of Plaintiffs' textbooks, including via the following online storefronts:

(1)  Atmi7654 (Seller ID A1CG7ES2FSMS9W);

(2)  BookExperts (Seller ID A2N0FSW82YCEBR);

(3)  BRTM (Seller ID AIR2YZYEMSVJV);

(4)  Camric Books (Seller ID A1CJ2CKY9Q1C42);

(5)  Clarence Wood (Seller ID A1W0N0RRQL82E1);

(6)  DBHC Books (Seller ID A1R4H41LF7JE65);

(7)  HEAVYHOUSE-BOOKS (Seller ID A3FMQR7FXRFI0W);

2

(8) Huge Crit (Seller ID A3DDSCP3ACKEWO);

(9) Matthew's Book Store A2DO668BPH25DT);

(10) MeVous Entertainment (Seller ID A3QFWIUM38J6X1);

(11) Nidiiz (Seller ID AXULVU20BNHVF);

(12) Readmore777 (Seller ID A146BXKWVWSK6L);

(13) RoadRunner Music and Books Beep-Beep, Zip, Bang! (Seller ID A2KPM7P0WMXQVX);

(14) STAY SMART (Seller ID A3GO8CXMLXUW0P);

(15) TheLogans (Seller ID A1SCHPV8CHT0QA);

(16) United TwinStar (Seller ID A3HUO8588XNGTY); and

(17) Afarawaygalaxy (Seller URL http://www.ebay.com/usr/afarawaygalaxy?_trksid=p2047675.l2559)

(collectively, the "Storefronts"). All of the above Storefronts are operated on Amazon.com, with the exception of afarawaygalaxy, which is operated on eBay.com.

B. The distribution, offering for sale, and/or sale of counterfeit copies of Plaintiffs' textbooks will result in immediate and irreparable injury to Plaintiffs if the requested relief is not granted.

C. The balance of potential harm to Defendants by being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is faroutweighed by the harm to Plaintiffs, their businesses, and the value and goodwill associated with Plaintiffs' Works and Marks if a temporary restraining order is not issued.

D. Public interest favors issuance of a temporary restraining order in order to protect Plaintiffs' interests in and to their respective coprights and trademarks, and to protect the public from being deceived and defrauded by Defendants' counterfeit copies of Plaintiffs' higher education textbooks.

E. If Defendants are given notice of the Application, they are likely to secrete, conceal, transfer, or otherwise dispose of their ill-gotten proceeds from their sales of counterfeit copies of Plaintiffs' textbooks.

F. Service on Defendants by electronic mail to the addresses used by Defendants to conduct the business of their Storefronts, including the infringing activity, is reasonably calculated to provide actual notice of Plaintiffs' claims to Defendants.

G. Without the requested expedited discovery, Plaintiffs will not be able to determine the true identities and locations of Defendants and, consequently, to proceed with their claims and obtain any final relief to which they are entitled.

## ORDER TO SHOW CAUSE

Based on the foregoing, it is HEREBY ORDERED that Defendants shall appear on the _2d_ day of _February_ 2018, at _2:30_ ~~a.m.~~/p.m. in Courtroom _15B_ of the United States District Court for the Southern District of New York at 500 Pearl Street / 40 Centre Street, New York, New York, to show cause why an order, pursuant to, *inter alia*, Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), N.Y. C.P.L.R. §§ 6201, and the Court's equitable authority, should not be entered, pending resolution of this case or further order of this Court, granting Plaintiffs a preliminary injunction enjoining Defendants, their respective officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of the order, in a manner substantially similar to the relief provided herein.

IT IS FURTHER ORDERED that Defendants' answering papers shall be filed and served upon Plaintiffs' counsel, by email to kerry@oandzlaw.com, on or before _January 26_, 2018, and Plaintiffs' reply papers, if any, shall be filed and served on Defendants on or before

/s/ January 30, 2018.

## TEMPORARY RESTRAINING ORDER

IT IS HEREBY ORDERED, in accordance with Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), C.P.L.R. § 6201, and the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, and no prior application having been granted, that:

1. Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this Temporary Restraining Order, are enjoined from:

   a) Directly or indirectly infringing any copyrighted work that is owned or exclusively controlled by any of the Plaintiffs ("Plaintiffs' Works"), *i.e.*, any copyrighted work published under any of the imprints identified on **Appendix A** hereto (the "Imprints");

   b) Directly or indirectly infringing any trademark that is owned or exclusively controlled by any of the Plaintiffs, including the trademarks associated with the Imprints in **Appendix A** ("Plaintiffs' Marks");

   c) Directly or indirectly manufacturing, importing, distributing (including returning goods purchased from another), offering for sale, and/or selling counterfeit copies of Plaintiffs' Works; and

   d) Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing others to directly or indirectly infringe Plaintiffs' Works, Plaintiffs' Marks, and/or manufacture, import, distribute, offer for sale, and/or sell counterfeit counterfeit copies of Plaintiffs' Works.

2. Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this Temporary Restraining Order, must immediately locate all accounts holding or receiving money or other assets owned, connected to, associated with, or utilized or held by any of Defendants' Storefronts ("Defendants' Accounts") and immediately cease transferring, withdrawing, or otherwise disposing of any money or other assets in Defendants' Accounts, cease allowing such money or other assets in Defendants' Accounts to be transferred, withdrawn, or otherwise disposed of pending further order of this Court. For purposes of this Temporary Restraining Order, Defendants' Accounts includes but is not limited to: (a) Defendants' accounts with online marketplace providers ("Online Marketplace Providers"); and (b) Defendants' accounts with banks, financial institutions, and credit card or other payment processing companies that have received money or other assets from Defendants' Accounts or otherwise received sales proceeds from Defendants' Storefronts ("Financial Institutions").

3. Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them with actual notice of this Temporary Restraining Order, must immediately locate all physical copies of Plaintiffs' Works that are within any Defendant's possession, custody, or control, or held in inventory on behalf of any Defendant, and immediately cease selling, distributing, transferring, or disposing of such copies of Plaintiffs' Works pending an inspection by Plaintiffs as provided in the Expedited Discovery Order below. Any copies of Plaintiffs' Works determined by Plaintiffs during the inspection to be not counterfeit shall, upon Plaintiffs' notice of such determination, be exempt from this Temporary Restraining Order.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall remain in

effect until further order of the Court.

IT IS FURTHER ORDERED that Plaintiffs shall post security in the amount of $ 1,000.00, by corporate surety bond, cash, credit card, or a certified or attorney's check.

IT IS FURTHER ORDERED that upon two (2) business days' written notice to the Court and Plaintiffs' counsel, any Defendant or restrained third-party may appear and move for the dissolution or modification of the provisions of this Temporary Restraining Order upon an appropriate evidentiary showing.

## EXPEDITED DISCOVERY ORDER

IT IS HEREBY ORDERED, sufficient cause having been shown, that:

1. Within two (2) days of service of this Ex Parte Order, each Defendant, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them, shall serve upon Plaintiffs' counsel, by email at kerry@oandzlaw.com, written identification of:

   a) Defendants' respective true names and physical addresses;

   b) Any and all storefront or seller names through which Defendants have sold any of Plaintiffs' Works, along with the names of the associated online marketplace platforms or websites, and the associated seller identification numbers or URLs;

   c) The account details for any and all of Defendants' Accounts with Online Marketplace Providers and/or Financial Institutions, including account numbers, current account balances, and accountholders' or account signatories' true names and physical addresses.

2. Within five (5) days of service of this Ex Parte Order, each Defendant, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them, shall serve upon Plaintiffs' counsel, by email at kerry@oandzlaw.com, written identification of:

        a)     Each Defendant's sales of Plaintiffs' Works from January 1, 2017 to the present, including number of units sold, price per unit, total gross revenues received, and the dates thereof.

3.     Plaintiffs may issue Rule 45 subpoenas to Online Marketplace Providers seeking identification of all of Plaintiffs' Works held in inventory on behalf of any Defendant, and within fourteen (14) days of service of such subpoena the Online Marketplace Providers shall provide to Plaintiffs a written list identifying such Works.

4.     Plaintiffs may issue discovery requests and/or Rule 45 subpoenas to Defendants and Online Marketplace Providers seeking to conduct an inspection of some or all of Plaintiffs' Works held in inventory by or on behalf of a Defendant. Plaintiffs and such subpoena recipients shall work cooperatively to coordinate the prompt inspection of Plaintiffs' Works. Any Works that Plaintiffs confirm to be counterfeit during the inspection shall be turned over to and/or held by Plaintiffs until this matter is concluded as to the respective Defendant. Plaintiffs shall provide notice of their determination to the respective Defendant promptly after completing the inspection. Plaintiffs shall promptly return any Works that they determine to be not counterfeit, and such Works are immediately exempt from the Temporary Restraining Order.

## ALTERNATE SERVICE ORDER

IT IS HEREBY ORDERED, sufficient cause having been shown, that, pursuant to Federal Rule of Civil Procedure 4(f)(3) and C.P.L.R. § 308 service of process may be made on, and shall be deemed effective as to, Defendants by the following means: 1) by electronic mail to Defendants' e-mail addresses identified by the Storefronts' Online Marketplace Providers as associated with or utilized by Defendants to conduct the business of Defendants' Storefronts; or, if a Defendant's e-mail address is unknown or determined to be inoperable, 2) by delivery of an electronic message to Defendants through the system for communication between consumers and

the Storefronts established by the Online Marketplace Providers on their respective platforms.

IT IS FURTHER ORDERED that Plaintiffs shall effect alternate service by electronic mail as ordered herein by providing Defendants with a link to a secure website (such as Dropbox.com or other File Transfer Protocol ("FTP") site) PDF copies of: 1) this Ex Parte Order; 2) the Summons and Complaint; and 3) all papers filed in support of Plaintiffs' Application.

IT IS FURTHER ORDERED that the alternate service by electronic mail ordered herein shall be made within five (5) days of the Online Marketplace Providers' identification of Defendants' Accounts with Financial Institutions, as provided in the Expedited Discovery Order, but in any event no later than ten (10) days from the date of this Ex Parte Order. Plaintiffs shall promptly file proof of such service on the case docket.

It is SO ORDERED this 17th day of January, 2018, at 11:45 a.m.

_____
UNITED STATES DISTRICT JUDGE

## APPENDIX A: PLAINTIFFS' IMPRINTS

| CENGAGE LEARNING, INC.: | MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC |
|---|---|
| Brooks Cole<br>Cengage<br>Cengage Learning<br>Course Technology<br>Delmar<br>Gale<br>Heinle<br>Milady<br>National Geographic Learning<br>South-Western Educational Publishing<br>Wadsworth | Irwin<br>Lange<br>McGraw-Hill<br>McGraw-Hill Education<br>McGraw-Hill Higher Education<br>McGraw-Hill Professional<br>McGraw-Hill Ryerson<br>McGraw-Hill/Appleton & Lange<br>McGraw-Hill/Contemporary<br>McGraw-Hill/Dushkin<br>McGraw-Hill/Irwin<br>NTC/Contemporary<br>Osborne<br>Schaum's |
| **PEARSON EDUCATION, INC.:** | **ELSEVIER, INC.** |
| Addison Wesley;<br>Adobe Press;<br>Allyn & Bacon;<br>Benjamin Cummings;<br>Brady;<br>Cisco Press;<br>Financial Times Press/FT Press;<br>IBM Press;<br>Longman;<br>New Riders Press;<br>Peachpit Press;<br>Pearson;<br>Pearson Education;<br>Prentice Hall;<br>Que Publishing; and<br>Sams Publishing | Academic Cell    Made Simple Books<br>Academic Press    Medicine Publishing<br>Amirsys    Morgan Kaufmann<br>Butterworth    Publishers<br> Heinemann    Mosby<br>Churchill Livingstone    Newnes<br>Digital Press    North Holland<br>Elsevier    Saunders<br>Gulf Professional    Urban & Fischer<br> Publishing    William Andrew<br>Hanley & Belfus    Woodhead Publishing<br>Knovel |