UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEARSON EDUCATION, INC.; ELSEVIER, INC.; MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC; and CENGAGE LEARNING, INC., <br><br> Plaintiffs, <br><br> v. <br><br> IMRAN AWAN; AMRO T. AWWAD; RONG LI; ANITA RAIN RANI; VIJAY KUMAR; AMMAR ABDULWAHID MAZRUI; MICHAEL PAO (A/K/A MATTHEW WATSON); NIDIA ESPINOZA; MANISH KUMAR SINGH (A/K/A "MAX DEN" and "SHYAM"); ROSCHELLE T. SALMON; and YAROSLAV IAKOVIN, <br><br> Defendants. | Case No. 1:18-cv-402-DLC <br><br> **[PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION** |

DENISE L. COTE, District Judge:

Plaintiffs Pearson Education, Inc., Elsevier, Inc., McGraw-Hill Global Education Holdings, LLC, and Cengage Learning, Inc. (collectively, "Plaintiffs") initiated this action on January 17, 2018 against Doe defendants. ECF No. 1. At the same time that they filed the Complaint, Plaintiffs made an application *ex parte* for a temporary restraining order, expedited discovery, and an order to show cause why a preliminary injunction should not issue, which application was granted. *Ex Parte* Order, Jan. 17, 2018, ECF No. 3. Plaintiffs served Doe defendants with their moving papers, the *Ex Parte* Order, and Complaint by email. *See* Cert. of Service, ECF No. 18. After a show cause hearing, at which Defendants did not appear, the Court issued a preliminary injunction against the Doe Defendants on February 16, 2018. Prelim. Inj., ECF No. 34. After conducting expedited discovery, Plaintiffs filed the Amended Complaint naming Defendants Imran Awan, Amro T. Awwad, Rong Li, Vijay Kumar, Anita Rain Rani,

1

Ammar Abdulwahid Mazrui, Michael Pao (a/k/a Matthew Watson), Nidia Espinoza, Manish Kumar Singh (a/k/a "Max Den" and "Shyam"), and Yaroslav Iakovin (collectively, "Defendants") on May 2, 2018.  ECF No. 55.  Plaintiffs served the Amended Complaint and Summons on Defendants on May 3, 2018.  *See* ECF No. 58.  Defendants' answers to the Amended Complaint were due no later than May 24, 2018.

On September 24, 2018, the Clerk of Court entered a Certificate of Default, noting that Defendants had not answered or otherwise moved with respect to the Amended Complaint and are in default.  ECF No. 90.

On September 28, 2018, Plaintiffs submitted a Motion for Default Judgment and Permanent Injunction against Defendants pursuant to Federal Rule of Civil Procedure 55(b) and a Memorandum of Law and Declaration in support thereof.

Having reviewed Plaintiffs' papers, and the entire record herein, the Court HEREBY FINDS that:

A. Plaintiffs publish educational content in the form of physical and digital textbooks and online tools ("Textbooks");

B. Defendants Imran Awan, Amro T. Awwad, Rong Li, Vijay Kumar, Anita Rani, Ammar Abdulwahid Mazrui, Michael Pao, Nidia Espinoza, Manish Kumar Singh, and Yaroslav Iakovin operate the following online storefronts on Amazon.com:

    (1) Atmi7654 (Seller ID A1CG7ES2FSMS9W), operated by Defendant Imran Awan;

    (2) BookExperts (Seller ID A2N0FSW82YCEBR), operated by Defendant Amro T. Awwad;

    (3) Clarence Wood (Seller ID A1W0N0RRQL82E1), operated by Defendant Rong Li;

    (4) HEAVYHOUSE-BOOKS (Seller ID A3FMQR7FXRFI0W), operated by Defendants Vijay Kumar and Anita Rani;

(5) Huge Crit (Seller ID A3DDSCP3ACKEWO), operated by Defendant Ammar Abdulwahid Mazrui;

(6) Matthew's Book Store (Seller ID A2DO668BPH25DT), operated by Defendant Michael Pao;

(7) Nidiiz (Seller ID AXULVU20BNHVF), operated by Defendant Nidia Espinoza;

(8) STAY SMART (Seller ID A3GO8CXMLXUW0P), operated by Defendant Manish Kumar Singh; and

(9) United TwinStar (Seller ID A3HUO8588XNGTY), operated by Yaroslav Iakovin

(collectively, the "Online Storefronts");

C. Defendants have been properly served in this action with the Amended Complaint and Summonses;

D. Because Defendants have not filed an answer or otherwise appeared in this action, the Clerk of Court entered default against Defendants on September 24, 2018;

E. Plaintiffs own the copyrights or exclusively control all rights, title, and interest in and to their respective works described on Exhibit A to the Amended Complaint (the "Authentic Works");

F. Plaintiffs own or exclusively control all rights, title, and interest in and to their respective trademarks and service marks described on Exhibit B to the Amended Complaint (the "Plaintiffs' Marks");

G. Defendants have willfully infringed Plaintiffs' copyrights in the Authentic Works and Plaintiffs' Marks in connection with Defendants' distribution, offering for sale, and/or sale of counterfeit copies of Plaintiffs' Textbooks;

H. Defendants' willful infringement of Plaintiffs' copyrights in the Authentic Works and Plaintiffs' Marks has caused Plaintiffs irreparable harm;

3

I. Defendants are therefore liable for willful copyright infringement under federal law, 17 U.S.C. §§ 101, *et seq.*, and willful trademark infringement and counterfeiting under federal law, 15 U.S.C. § 1114; and

J. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to the entry of a final judgment and permanent injunction against Defendants.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them, are permanently enjoined and restrained from directly or indirectly infringing any copyrighted work or any trademarks that are owned or exclusively controlled by Plaintiffs (or any parent, subsidiary, or affiliate of Plaintiffs as set forth in **Appendix A**), whether now in existence or later created ("Plaintiffs' Works").

Without limiting the foregoing, IT IS FURTHER ORDERED that Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them, are permanently enjoined and restrained from engaging in any of the following acts without written permission from Plaintiffs as to their respective copyrights and/or trademarks:

(1) Copying, reproducing, manufacturing, importing, advertising, promoting, distributing, selling, or offering to sell counterfeit or other unauthorized copies of Plaintiffs' Works and/or counterfeit or otherwise infringing goods bearing Plaintiffs' respective trademarks; and

(2) Enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing others to copy, reproduce, manufacture, import, advertise, promote, distribute, sell, or offer to sell counterfeit or other unauthorized copies of Plaintiffs' Works and/or counterfeit or otherwise infringing goods bearing Plaintiffs' respective trademarks; and

(3) Using, operating, maintaining, assisting, distributing, or supporting any computer server, website, email address, social media account, online-marketplace account, bank account, or payment processing system in connection with the copying, reproducing, manufacturing, importing, advertising, promoting, distributing, selling, or offering to sell Plaintiffs' Works and/or counterfeit or otherwise infringing goods bearing Plaintiffs' respective trademarks.

IT IS FURTHER ORDERED that, pursuant to 17 U.S.C. § 504(c) and 15 U.S.C. § 1117(c), Plaintiffs are awarded statutory damages against Defendants for willful copyright and trademark infringement, plus post-judgment interest calculated at the rate set forth in 28 U.S.C. § 1961, as follows:

| Defendants | Copyright Damages | Trademark Damages | Total Damages |
|---|---|---|---|
| Imran Awan | $150,000 | $4,000,000 | $4,150,000 |
| Amro T. Awwad | $600,000 | $4,000,000 | $6,400,000 |
| Rong Li | $450,000 | $6,000,000 | $6,450,000 |
| Anita Rani and Vijay Kumar | $90,000 | $400,000 | $490,000 |
| Ammar A. Mazrui | $1,350,000 | $6,000,000 | $7,350,000 |
| Michael Pao | $300,000 | $6,000,000 | $6,300,000 |
| Nidia Espinoza | $120,000 | $600,000 | $1,050,000 |
| Manish K. Singh | $300,000 | $6,000,000 | $6,300,000 |
| Yaroslav Iakovin | $450,000 | $6,000,000 | $6,450,000 |
| **TOTAL** | **$3,810,000** | **$39,000,000** | **$42,810,000** |

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over the parties and the subject matter of this litigation for the purpose of interpretation and enforcement of this Permanent Injunction.

FINAL JUDGMENT is hereby entered in favor of Plaintiffs against Defendants Imran Awan, Amro T. Awwad, Rong Li, Ammar Abdulwahid Mazrui, Michael Pao, Nidia Espinoza, Manish Kumar Singh, and Yaroslav Iakovin, severally, and Vijay Kumar and Anita Rain Rani,

jointly and severally, as described above, for a total sum of $42,810,000, plus post-judgment interest calculated at the rate set forth in 28 U.S.C. § 1961.

SO ORDERED this ___ day of _____.

_____<br>
HON. DENISE L. COTE<br>
United States District Judge

## APPENDIX A:  PLAINTIFFS' IMPRINTS

| CENGAGE LEARNING, INC.: | MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC |
|---|---|
| Brooks Cole<br>Cengage<br>Cengage Learning<br>Course Technology<br>Delmar<br>Gale<br>Heinle<br>Milady<br>National Geographic Learning<br>South-Western Educational Publishing<br>Wadsworth | Irwin<br>Lange<br>McGraw-Hill<br>McGraw-Hill Education<br>McGraw-Hill Higher Education<br>McGraw-Hill Professional<br>McGraw-Hill Ryerson<br>McGraw-Hill/Appleton & Lange<br>McGraw-Hill/Contemporary<br>McGraw-Hill/Dushkin<br>McGraw-Hill/Irwin<br>NTC/Contemporary<br>Osborne<br>Schaum's |
| **PEARSON EDUCATION, INC.:** | **ELSEVIER INC.** |
| Addison Wesley;<br>Adobe Press;<br>Allyn & Bacon;<br>Benjamin Cummings;<br>Brady;<br>Cisco Press;<br>Financial Times Press/FT Press;<br>IBM Press;<br>Longman;<br>New Riders Press;<br>Peachpit Press;<br>Pearson;<br>Pearson Education;<br>Prentice Hall;<br>Que Publishing; and<br>Sams Publishing | Academic Cell         Made Simple Books<br>Academic Press       Medicine Publishing<br>Amirsys                     Morgan Kaufmann<br>Butterworth              Publishers<br> Heinemann               Mosby<br>Churchill Livingstone  Newnes<br>Digital Press              North Holland<br>Elsevier                     Saunders<br>Gulf Professional       Urban & Fischer<br>  Publishing               William Andrew<br>Hanley & Belfus       Woodhead Publishing<br>Knovel |